PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-8998

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/12/99
THOMAS  K. KAHN
CLERK

D. C. Docket No. 1:95-CV-1627-CC

CRAIG C. DeHART; JEANNIE I. DeHART, As the parents and Natural
Guardians and Conservators of Adam Shane DeHart,

Plaintiffs-Appellees,

versus

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 12, 1999)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

BIRCH, Circuit Judge:

In this action in diversity, Craig C. DeHart and Jeannie I. DeHart ("the DeHarts") seek a declaration that a liability insurance policy issued by Liberty Mutual Insurance Company ("Liberty Mutual") to Senn Trucking Company of Georgia, Inc. ("Senn Trucking Company") was in effect on May 26, 1988; on that date, a Senn Trucking Company employee caused an automobile collision to occur that resulted in catastrophic injury to the DeHarts' son, Adam Shane DeHart. The district court granted summary judgment in favor of the DeHarts and found that Liberty Mutual was subject to liability under the terms of the applicable policy. See R2-21 at 4. At the same time, the district court denied Liberty Mutual's motion for summary judgment. Id. Liberty Mutual subsequently appealed the district court's order entering judgment in favor of the DeHarts. In reviewing this appeal, we determined that this case presents unresolved questions of Georgia law that are dispositive of the claims. Consistent with this

2

determination, we certified the following two questions to the

Supreme Court of Georgia:

> 1. Does the GPSC regulatory provision mandating that motor carrier liability insurance policies properly registered with the GPSC are continuous until not less than thirty days after the GPSC receives actual written notice that such coverage will terminate -- i.e., the continuous coverage provision -- have extra-territorial application such that coverage is mandated when a motor vehicle collision occurs outside the state of Georgia?
>
> 2. Where an insurer has certified to the GPSC that it insures a Georgia motor carrier and, notwithstanding the expiration of the policy in question, fails to notify the GPSC that such certification has been canceled prior to the loss, and the motor carrier subsequently purchases a second policy also in effect at the time of the loss, does Georgia law permit extension of the GPSC continuous coverage provision to provide "stacking" of the two policies with respect to the motoring public?

The Supreme Court of Georgia has answered the first

question as follows:

3

> Based on the purpose of the motor carrier act and PSC regulations, we conclude that the continuous coverage provision applies to motor vehicle collisions that occur outside the state of Georgia. The state motor carrier acts were enacted to protect members of the general public against injuries caused by the negligence of a Georgia motor carrier. The statutes do not preclude the application of state law to motor carriers with a Georgia certificate of public convenience and necessity for injuries they cause outside Georgia. The policy in this case covered accidents that occurred throughout the United States during the policy period. Given the purpose of the motor carrier laws and the nature of interstate travel, we conclude that the continuous coverage provision applies to both Georgia and out-of-state residents who are injured in other states by Georgia motor carriers.

DeHart v. Liberty Mut. Ins. Co., No. S98Q0715, (Ga. Dec. 4, 1998) (footnote omitted).

The Supreme Court of Georgia has answered the second certified question as follows:

> In this case, Liberty Mutual filed a form certifying that it provided liability insurance for

4

Senn Trucking effective May 27, 1986.[1] That certificate of insurance stated that it could not be cancelled without giving thirty days notice of cancellation in writing to the commission. Although Liberty Mutual cancelled the policy, it did not file written notice of the cancellation with the commission. Because the policy continued until the PSC received proper written notice of cancellation and Liberty Mutual did not file a Form K cancelling the policy with the commission before Adam DeHart was injured on May 28, 1988, we conclude that Liberty Mutual is liable to the DeHarts based on the continuous coverage provision of the Georgia PSC regulations.

Id. at *4.

Based on the Supreme Court of Georgia's opinion in this case, we conclude that the district court properly granted the DeHart's motion for summary judgment and entered final judgment in their favor. Accordingly, we AFFIRM.

---

[1]The opinion actually states that the policy became effective in 1996. In light of the undisputed time frame during which the events relevant to this action occurred, however, we assume that the Georgia Supreme Court intended to reflect that the policy became effective in 1986.